IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIRGIL RIVERS,** | : | CIVIL ACTION NO. 1:21-CV-1409 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **J.L. JAMISON,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Virgil Rivers seeks release from custody under the First Step Act of 2018 and because of the risks posed by the COVID-19 pandemic. We will summarily dismiss the petition because Rivers is plainly not entitled to habeas corpus relief.

**I. Factual Background & Procedural History**

Rivers is a federal prisoner currently confined by the Bureau of Prisons ("BOP") in the Allenwood Federal Correctional Institution ("FCI-Allenwood"). He filed the petition for writ of habeas corpus that initiated this case on August 12, 2021. Rivers raises two arguments for habeas corpus relief. First, he asserts that he is entitled to habeas corpus relief because his sentence is "now prohibited by the First Step Act of 2018." (Doc. 1 at 1). Second, he asserts that he is entitled to habeas corpus relief because he is at high risk for contracting a severe case of COVID-19 given his age (75), his family history of heart failure, his spinal stenosis, and his high blood pressure. (Id. at 2). Rivers asserts that there was a serious

outbreak of COVID-19 in FCI-Allenwood in the fall of 2020 that put him and other inmates at risk of contracting the virus.  (Id. at 7).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III. Discussion

Rivers is plainly not entitled to habeas corpus relief in this court.  We may not grant him habeas corpus relief under the First Step Act because motions for relief under the First Step Act must be addressed to the petitioner's sentencing court.  United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020).  Rivers was sentenced by the United States District Court for the Eastern District of New York.  See United States v. Rivers, No. 1:03-CR-1120-2 (E.D.N.Y. Mar. 10, 2006).  Any requests for relief under the First Step Act must be brought before that court.

As for the COVID-19 claim, Rivers is correct that a district court has jurisdiction to issue a writ of habeas corpus based on the conditions of a prisoner's confinement in extraordinary circumstances, see Hope v. Warden York Cty. Prison, 972 F.3d 310, 324-25 (3d Cir. 2020).  To obtain such relief based on exposure to COVID-19, however, petitioners must do more than allege that they are of advanced age and have preexisting conditions.  Id. at 325-26.  Petitioners must show either

2

that the conditions of their confinement amount to cruel and unusual punishment,[1] or that the prison is deliberately indifferent to the risks posed by the COVID-19 pandemic. Rodriguez-Francisco v. White, 1:20-CV-1076, 2020 WL 4260766, at *4 (M.D. Pa. July 24, 2020).

Rivers makes no argument as to how he has been subjected to cruel and unusual punishment or deliberate indifference to the risks of COVID-19, and a review of the BOP's COVID-19 mitigation protocols indicates that the BOP has taken substantial steps to limit the spread of the virus.[2] See *BOP Modified Operations*, BOP, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 17, 2021). All visits in BOP prisons are non-contact and social distanced either through the use of a plexiglass barrier or six feet of distance. Id. Visitors to the prison are subjected to temperature checks and symptom screening, and any visitor displaying COVID-19 symptoms or a fever is not allowed to enter a BOP facility. Id.

---

[1] Hope and many of the district court cases addressing habeas corpus claims arising from the COVID-19 pandemic applied the lower threshold of whether conditions of confinement amounted to punishment, because the petitions were brought by petitioners in pretrial detention or immigration detention. See Hope, 972 F.3d at 325-29; see also Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005) (noting that, unlike prisoners who have been convicted of a crime, who may not be subjected to cruel and unusual punishment, pretrial detainees "cannot be punished at all under the Due Process Clause." (citing *Bell v. Wolfish*, 441 U.S. 520 (1979))). Rivers is incarcerated pursuant to a criminal conviction and sentence, so his petition is governed by the Eighth Amendment's cruel and unusual punishment standard.

[2] The court may take judicial notice of this information, as it is publicly available on a governmental website. See Vanderklok v. United States, 868 F.3d 189, 205 (3d Cir. 2017).

Inmates and visitors are required to wear face masks during visits and to wash their hands before and after visits.  Id.

Inmates and staff are regularly screened and tested for COVID-19.  Id.  Inmates are limited in their movements in BOP facilities to limit gathering and maximize social distancing.  Id.  All inmates entering a BOP facility are screened and tested for the virus.  Id.  Arriving inmates who are symptomatic or test positive for the virus are placed in medical isolation.  Id.  Inmates who are asymptomatic or test negative for the virus are placed in quarantine for fourteen days and are then tested for the virus.  Id.  If they test negative, they are placed in the prison's general population; if they test positive, they are placed in medical isolation.  Id.  The BOP is also working to vaccinate its inmates as quickly as possible, and as of September 16, 2021, 222,424 inmates have been vaccinated nationwide.  *COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (last visited Sept. 17, 2021).  1,714 inmates in FCI-Allenwood have been vaccinated.  Id.

Given the substantial steps that the BOP has taken to mitigate the harm caused by the COVID-19 pandemic and the absence of any argument as to how Rivers was subjected to cruel and unusual punishment or deliberate indifference in violation of the Eighth Amendment, Rivers is clearly not entitled to habeas corpus relief at this time.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   September 21, 2021