IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIRGIL RIVERS,** | : CIVIL ACTION NO. 1:21-CV-1409 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **J.L. JAMISON,** | : |
| Respondent | : |

# MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Virgil Rivers, seeks release from custody under the First Step Act of 2018 and because of the risks posed by the COVID-19 pandemic. We dismissed the petition without prejudice on September 21, 2021. Rivers has moved for reconsideration. The motion will be denied.

**I.      Factual Background & Procedural History**

Rivers is a federal prisoner currently confined by the Bureau of Prisons ("BOP") in the Allenwood Federal Correctional Institution ("FCI-Allenwood"). He filed the petition for writ of habeas corpus that initiated this case on August 12, 2021. Rivers raises two arguments for habeas corpus relief. First, he asserts that he is entitled to habeas corpus relief because his sentence is "now prohibited by the First Step Act of 2018." (Doc. 1 at 1). Second, he asserts that he is entitled to habeas corpus relief because he is at high risk for contracting a severe case of COVID-19 given his age (75), his family history of heart failure, his spinal stenosis, and his high blood pressure. (Id. at 2).

We dismissed the case without prejudice on September 21, 2021. (Docs. 5-6). We noted that we cannot grant Rivers relief under the First Step Act because motions for relief under the First Step Act must be addressed to a prisoner's sentencing court. (Doc. 5 at 2). As for Rivers' COVID-19 claim, we concluded that we had jurisdiction to hear the claim, but we found that Rivers was plainly not entitled to habeas corpus relief because he presented no arguments as to how he had been subjected to cruel and unusual punishment or deliberate indifference to the risks posed by COVID-19. (Id. at 2-3). Rivers moved for reconsideration on April 13, 2022. (Doc. 7). The motion for reconsideration is ripe for disposition.

## II.   Legal Standard

A motion for reconsideration must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party may not invoke a motion for reconsideration to "relitigate old matters" or present previously available arguments or evidence. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010)).

## III.   Discussion

Rivers raises three arguments for reconsideration, none of which have merit. Rivers' primary argument is that the court had jurisdiction to consider his COVID-

2

19 claim. (Doc. 7 at 2-3). This argument misconstrues our prior opinion, which clearly stated that we had jurisdiction to consider the COVID-19 claim. See Doc. 5 at 2 (citing Hope v. Warden York Cty. Prison, 972 F.3d 310, 324-25 (3d Cir. 2020)). There is no basis for us to reconsider that ruling.

Rivers' second argument is that reconsideration is warranted because after the court's decision the Omicron strain of COVID-19 became the dominant strain of the virus and is "spreading throughout the United States with more deadly results." (Doc. 7 at 2). Rivers also notes that there have been several COVID-19 outbreaks at FCI-Allenwood since Omicron became the dominant strain of the virus. (Id. at 4-5).

Courts may grant reconsideration "where there has been a significant change in the law or facts since the court originally ruled on the issue." Hoffman v. R.I. Enters., Inc., 50 F. Supp. 2d 393, 395 (M.D. Pa. 1999). We do not find, however, that the Omicron strain of COVID-19 presents a significant enough change in circumstances to warrant reconsideration. Rivers asserts that Omicron presents a greater risk of harm to him than previous strains of COVID-19, but he still fails to present any evidence that staff at FCI-Allenwood have been deliberately indifferent to the risks posed by the Omicron variant. Moreover, Rivers's contention that Omicron is spreading "with more deadly results" than previous strains of the virus appears to be incorrect. According to the Centers for Disease Control and Prevention ("CDC"), "Omicron infection generally causes less severe disease than infection with prior variants." *Omicron Variant: What You Need to Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited July 7, 2022). Vaccination is also highly effective at preventing severe illness,

3

hospitalization, or death from the Omicron variant, see id., and COVID-19 vaccines are widely available to inmates in all BOP facilities, see *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/ (select "Learn more about vaccinations and view individual facility stats") (last visited July 18, 2022).

Finally, Rivers notes several circumstances of his confinement in FCI-Allenwood that purportedly increase the risks posed by COVID-19, including low vaccination rates among staff members, the difficulty of practicing social distancing inside a prison, poor ventilation, lack of hygiene products, limited access to medical care, and the fact that he is 75 years old. (Doc. 7 at 1-2, 5-8). All of these facts could have been cited in support of Rivers' petition in the first instance, and we will deny reconsideration on that basis.

Even if Rivers had raised the circumstances of his confinement in support of his petition, the circumstances would not be sufficient for the court to issue a writ of habeas corpus. As of this writing, the threat posed by COVID-19 within Rivers's institution is minimal. BOP statistics list zero positive cases of COVID-19 in FCI-Allenwood, see *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/ (select "Full breakdown and additional details") (last updated July 15, 2022), and the BOP has implemented extensive efforts to prevent future outbreaks, see *BOP Modified Operations*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/ coronavirus/covid19_status.jsp (last visited July 18, 2022). Generalized fear of COVID-19 is not sufficient to obtain habeas corpus relief. Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (stating in context of

4

motion for compassionate release that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release");[1] see also, e.g., Ndir v. Doll, 459 F. Supp. 3d 627, 634 (M.D. Pa. 2020) (Conner, C.J.).

## IV.   Conclusion

We will deny Rivers's motion for reconsideration. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   July 18, 2022

---

[1] The Third Circuit in Raia held that motions under Section 3582(c)(1)(A) cannot be brought directly in the court of appeals and that the defendant's failure to exhaust administrative remedies would render remand futile. See Raia, 954 F.3d at 596-97. Anything the court said about the merits of the motion, after its threshold jurisdictional determination, is arguably *dicta*. We are nonetheless persuaded by and agree with the court's observations as to the availability of compassionate release during the COVID-19 pandemic.